## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MATTHEW R. THOMAS,

                **Plaintiff,**

      v.                          **CASE NO. 22-3015-SAC**

(FNU) LATENIZ, et al.,

                **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and his fee status is pending.

### Nature of the Complaint

Plaintiff is incarcerated at the Lansing Correctional Facility (LCF). He claims defendant Lateniz, his Unit Team Manager, violated his rights by keeping him in segregated housing after he was eligible for release and by then placing him in protective custody. He seeks damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim

for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has examined the complaint and finds plaintiff must present additional information to avoid the dismissal of this action.

First, plaintiff's complaint contains few specific facts about his confinement in segregation. The sole count of the complaint reads "Rule 41(b)" and refers to an attached sheet; however, no attached sheet appears in the record. Plaintiff's bare summary of the complaint states that defendant Lateniz was "rude, disorganized, and lying", and he complains of being held in segregation without regular commissary access.

Administrative segregation implicates due process only if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Generally, a prisoner's placement in segregation does not itself constitute an atypical and significant hardship in the context of prison life. A prisoner does not have a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221–222

(2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Indeed, a prisoner has "no legitimate statutory or constitutional entitlement" even if a new classification would cause a "grievous loss." *Moody,* 429 U.S. at 88 n.9. Instead, the custody classification of prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. "Changing an inmate's prison classification ... ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)).

Courts considering challenges to classification and other incidents of prison life "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). "Only when a prison administrator's actions are taken in bad faith and for no legitimate purpose are they not insulated from … review." *Silverstein v. Fed. Bureau of Prisons*, 559 Fed. Appx. 739, 754-55 (10th Cir. 2014) (citing *see Whitley v. Albers*, 475 U.S. 312,

322 (1986)).

Next, plaintiff seeks damages for pain and suffering due to his continued confinement in segregation. The Prison Litigation Reform Act (PLRA) established, in part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This provision bars a claim for compensatory damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Lawson v. Engleman*, 67 F. App'x 524, 526–27 (10th Cir. 2003) ("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (citation omitted). Therefore, plaintiff's claim for damages is subject to dismissal.

Finally, to the extent plaintiff proceeds against the Lansing Correctional Facility, the prison is not a suable entity under § 1983. It is settled that states and arms of the states are immune from suits brought under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Therefore, neither the Kansas Department of Corrections nor any state correctional facility it operates is a proper defendant in an action under § 1983.

### Order to show cause

For these reasons, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. In the alternative, plaintiff may submit an amended complaint that cures the defects by offering additional specific factual allegations to support his claim of unlawful segregation.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. A plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3015-SAC) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **March 15, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein or submit an amended complaint that cures the defects identified. The failure to file a timely response may result in the dismissal of this matter for failure to state a claim for relief without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 15th day of February, 2022, at Topeka, Kansas.


                          S/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge